IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD J. BENNER | : | CIVIL ACTION |
| | : | |
| v. | : | No.  07-5029 |
| | : | |
| FOREMOST INSURANCE GROUP, et al. | : | |
| | : | |
| | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                **August 26, 2008**

Plaintiff Richard J. Benner (Benner) asks me to declare Hillary Benner, a family member, an insured under his insurance policy with Defendants Zurich Insurance Group and Maryland Casualty Company even though she was not occupying one of Benner's covered autos.[1]  Defendants contend Hillary Benner must have had occupied one of Benner's covered autos to receive underinsured motorist (UIM) coverage.  I agree.

**FACTS**

On April 8, 2007, Hillary Benner, a minor, died in a car accident.  At the time of the accident, she occupied a car driven by Paul Gibson.  Benner, administrator and executor of Hillary Benner's estate, did not own the car Hillary Benner occupied before dying, nor was the car declared in his Antique and Classic Auto Insurance with the Defendants.  Prior to receiving a UIM offer from Gibson's insurance company, Benner sought UIM coverage from the Defendants.

Benner's UIM policy with the Defendants defines "insured" as "[Benner], any family member, and any other person 'occupying' '[Benner's] covered auto.'"  Pl.'s Summ. J. Mot. Ex. B-1

---

[1] Foremost Insurance Company is listed as a Defendant, but its name is not mentioned in the policy.

at 1 (UIM Policy). "Family member" includes "a person related to you by blood, marriage or adoption who is a resident of your household." Pl.'s Summ J. Mot. Ex B at 1 (Antiques and Collective Insurance Part A Definitions). "Covered auto" defines any "antique vehicle" or "classic vehicle" shown in the Declarations. *Id.* The UIM Policy excludes coverage for bodily injuries sustained by a family member while a family member occupied, or was struck by a vehicle Benner owned but while the family member had primary UIM coverage under a different policy. *Id.* at 1-2 (UIM Policy).[2]

Similarly to the UIM policy, Benner's Antique and Classic Auto Policy's term "insured" requires either the "use of" or "occupying [of]" "[Benner's] covered auto." *See* Pl.'s Summ J. Mot. Ex B at 2-3 (Antiques and Collective Insurance Part A Definitions and Part B Medical Payments Coverage). The Uninsured Motorist coverage limits "insured" to  "1. [Benner] or any 'family member' while 'occupying' '[Benner's]covered auto.'    2. Any other person 'occupying' '[Benner's]covered auto.'" *Id.* at 4 (Part C Uninsured Motorist Coverage).

Following Hillary Benner's death, Benner filed a UIM claim with the Defendants. The Defendants denied the claim because Hillary Benner was not occupying a "covered auto" at the time of the accident. Benner filed this action and both parties filed cross motions for summary judgment.

---

[2] The exclusions read:
> 1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
> 2. By a "family member":
>> a. Who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
>> b. Who does not own an auto, while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

Pl.'s Summ. J. Mot. Ex. B-1 at 2 (UIM Policy).

**DISCUSSION**

A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the burden of proving no genuine issue of material fact is in dispute, and the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the moving party has carried its initial burden, the nonmoving party must then "come forward with specific facts showing there is a genuine issue for trial." *Id*. (citing Fed. R. Civ. P. 56(e)). A motion for summary judgment will not be denied because of the mere existence of some evidence in support of the nonmoving party. The nonmoving party must present sufficient evidence for a jury to reasonably find for them on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Pennsylvania law applies to this diversity case. *See Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 509 (E.D. Pa. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). In Pennsylvania, courts, rather than juries, generally interpret insurance contracts. *Mark I Restoration SVC v. Assurance Co. of America*, 248 F. Supp. 2d 397, 402 (E.D. Pa. 2003) (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999)). Ambiguous policy provisions are to be "construed in favor of the insured and against the insurer," but clear and unambiguous language "must be given effect." *Id*. A contract is not rendered ambiguous merely because "the parties do not agree on the proper construction." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 614 (3d Cir. 1995) (internal citations omitted).

Benner contends as a family member, Hillary Benner, qualifies as an "insured" in the UIM policy because the UIM policy only requires "any other person" to "occupy the covered auto" to be insured, not family members. I disagree. Benner's reliance on *Quinney v. American Modern Home Insurance Company*, 145 F. Supp. 2d 603 (M.D. Pa. 2001) is misplaced. The *Quinney* Court had to declare whether Quinney's son, who occupied a third party vehicle not covered by Quinney's antique classic policy, was an insured. *Id.* at 605. The *Quinney* UIM policy defined "insured" as: "1. [Named Insured] or any 'family member'; 2. Any other person 'occupying' '[named insured's] covered auto.'; 3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. *or* 2. above." *Id.* at 607 (emphasis added). The *Quinney* Court held "occupying" a "covered auto" only qualified "any other person," not family member. *Id.* The *Quinney* Court reasoned the separated semi-colon purposefully separated both the groups and the requirement of "occupying" a "covered auto." *Id.* The *Quinney* Court explained the use of "or" instead of "and" in Option 3's reference to a "person described in 1. *or* 2" further supported finding a family member did not need to occupy the "covered auto" for UIM coverage. *Id.*

Benner argues *Quinney*'s holding controls, but the distinguishing punctuation in *Quinney*'s policy language requires I find Hillary Benner was not an insured under Benner's UIM policy. Unlike *Quinney*, Benner's UIM policy lists "[Benner], any 'family member,' and any other person 'occupying' '[Benner's] covered auto'" into one category. Pl.'s Summ. J. Mot. Ex. B-1 at 1 (UIM Policy). Benner's UIM policy does not separate the "Benner" and "family member" from "any other person" as Quinney's UIM policy did. *See id*. In addition, the serial commas and the word "and" group the terms "Benner," "any family member," and "any other person" together. There is no semi-colon separating these terms. The serial commas and the word "and" make the phrase: "'occupying' '[Benner's] covered auto'" qualify "Benner," "family member," and "any other person." *See Zurich Insurance Co. v. Tammy Lobach*, 1997 WL 535185, at * 4 (E.D. Pa. Aug. 5,

1997) ("If the drafters of the policy had intended [the named insured and any family member to occupy the covered auto], they would have inserted *commas* after paragraphs one and two rather than semi-colons." (emphasis added)).

Benner also argues his UIM policy language differs from the language in *St. Paul v. Corbett*, 630 A.2d 28, 31 (Pa. Super. 1993), thus requiring coverage. Benner's contention fails. In *Corbett*, the UIM policy defined a "covered person" as "1. [Named insured] or any family member 2. Any other person occupying your covered auto. 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above." *Id.* Benner argues the absence of punctuation between 1 and 2 differentiate his policy and supports his proposed interpretation. The *Corbett* Court, however, did not rely on the lack of punctuation. The *Corbett* Court instead reasoned the two paragraphs were to be read together and "[i]n so doing, the phrase "occupying your covered auto" clarifies both "you or any family member" and "any other person." *Id.* (emphasizing the word "other").

As previously discussed, Benner's UIM policy uses serial commas and the word "and" to group the insured individuals together. Benner's UIM policy does not use numbers to separate these groups of insureds. Benner's UIM policy also uses the word "other" before "person" indicating the foregoing groups should also be qualified by the phrase "occupying covered auto."[3] Pl.'s Summ. J. Mot. Ex. B-1 at 1 (UIM Policy).

Furthermore, Benner asserts adopting the Defendants' interpretation would render the UIM exclusions superfluous. Benner is wrong. The exclusions[4] address scenarios where a family

---

[3] Policy rationale also supported the *Corbett* Court's interpretation. The *Corbett* Court explained because antique automobiles were "seldom driven on highways" and lacked the same "wear and tear" as non antique vehicles, the premiums were significantly lower. *Id.* at 32. "If coverage is permitted under the circumstances presented here, the distinctions between antique automobile insurance and other types of insurance will be eradicated and premiums for antique vehicle insurance will be on par with personal automobile insurance." *Id.* at 33.

[4] The exclusions read:
   1. By you while "occupying", or when struck by, any motor vehicle you own which is not

5

member is occupying a covered auto. A "covered auto" is defined as any "antique vehicle" or "classic vehicle" shown in Benner's Declarations. Pl.'s Summ J. Mot. Ex B at 1 (Antiques and Collective Insurance Part A Definitions). The exclusions address scenarios involving another car owned by Benner or any family member primarily insured under another policy. Such exclusions merely clarify the UIM obligations; these exclusions do not void or contradict the initial requirement of occupying the "covered auto." Pl.'s Summ. J. Mot. Ex. B-1 at 2 (UIM Policy).

Alternatively, Benner contends the UIM policy language is ambiguous and should be interpreted in favor of the insured. This argument is unpersuasive. A contract is not rendered ambiguous merely because "the parties do not agree on the proper construction." *Duquesne Light Co.*, 66 F.3d at 614. Clear and unambiguous language "must be given effect." *Mark I Restoration*, 248 F. Supp. 2d at 402. I find the Defendants' UIM policy clearly and unambiguously require family members to occupy Benner's covered auto in order to obtain UIM coverage.

An appropriate order so follows.

---

insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2. By a "family member":
    a. Who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
    b. Who does not own an auto, while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

Pl.'s Summ. J. Mot. Ex. B-1 at 2 (UIM Policy).